# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ALYSSA V. HOPE, a/k/a Michael Jones,       *
a/k/a Rosalyn Alyssa Rodriguez, #420-162[1]

Plaintiff       *

v       *       Civil Action No. RDB-19-842

PRESIDENT DONALD J. TRUMP,       *
UNITED STATES OF AMERICA,
      *
Defendants
      *
      ***

## MEMORANDUM OPINION

Self-represented Plaintiff Alyssa V. Hope, who is incarcerated at North Branch Correction Institution (NBCI) in Cumberland, Maryland, filed this Complaint, with the full civil filing fee, seeking declaratory and injunctive relief and damages. She[2] alleges that President Donald Trump violated her rights under the First, Fifth, Ninth, and Fifteenth Amendments to the United States Constitution as well as the Universal Declaration of Human Rights. (ECF No. 1 at 1). For reasons set forth in this Memorandum Opinion, the Complaint will be DISMISSED.

## BACKGROUND

Plaintiff's twenty-one page handwritten complaint expresses her general disagreement with actions and policies she attributes to President Trump. Plaintiff alleges: the "American prison-industrial complex is built on Nazi and white suprem[ac]ist ideologies" which have

---

[1] Plaintiff is also known to this Court by the names Sincere Allah and Latrina Marie Lopez. *See e.g. Jones v. Director John Doe, et al.*, Civil Action No. GLR-15-3065 (D. Md. 2016); *Jones v. Warden Frank Bishop et al.*, CCB No. 16-2893 (D. Md. 2019).

[2] Plaintiff identifies as a transgender woman.

"worsened since President Trump took office; President Trump has promoted hatred toward the LGBTTQIA[3] community which has led to "literally, and massacre of 100's of members of the community,[4] "attack[ed] immigrants," placed them in detention centers and separated them from their children; engaged in "illegal and corrupt activities" before he was elected President; and President Trump and his administration are "well aware" that the American prison system refuses to provide meaningful gender dysphoria evaluations to incarcerated transgender persons. (*Id.* at 9, 10, 13, 14). Additionally, Plaintiff states that she is a communist, adheres to the principles of the Black Panther Party, and due to her political beliefs, she has been held in solitary confinement for 10 years, spending the last 4 years in disciplinary segregation. She alleges that she is a "political prisoner" who has "even been subjected to waterboard[ing] by the prison totalitarian [system]." (*Id.* at 10).

As relief, Plaintiff, who is suing President Trump in his official and individual capacities, seeks: a declaration that her constitutional rights have been violated; an injunction ordering: President Trump's to acknowledgment that political prisoners exist in the United States and implementation of a policy protecting them from abuse including long term disciplinary segregation; enactment of a law identifying transgender as a third gender; promulgation of a law that requires only outside transgender specialists to evaluate prisoners for gender dysphoria; implementation of a law that allows transgender inmates to choose their place of incarceration; and transfer of plaintiff to a women's prison. She also seeks compensatory and punitive damages, and a jury trial. (*Id.* at 15-17).[5]

---

[3] Jones presumably refers to the Lesbian, Gay, Bisexual, Transgender, Queer, Intersex, and Asexual community.

[4] Jones provides no additional facts.

[5] The United States Congress, not the President, passes federal legislation. Plaintiff identifies no law that authorizes the President to mandate her transfer to another prison facility.

2

## DISCUSSION

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has explained that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. Thus, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.*

Further, this Court is required by statute to review and dismiss any civil action in which a prisoner seeks redress from an officer or employee of a governmental entity if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from suit. 28 U.S.C. §1915A. Additionally, under the provisions of 28 U.S.C. § 1915(e)(2) a case shall be dismissed at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

The Complaint must be dismissed because Plaintiff lacks standing to raise the generalized claims asserted making the issues she presents nonjusticiable. Because a finding of nonjusticiability deprives a court of subject matter jurisdiction, *Taylor v. Kellogg Brown & Root Servs., Inc.,* 658 F.3d 402, 412 (4th Cir. 2011), the complaint will also be dismissed for lack of

3

jurisdiction. *See Bulldog Trucking,* 147 F.3d 347, 352 (4th. Cir. 1998) (a federal court is required, *sua sponte,* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears."); *see also* Fed.R.Civ.P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Article III of the Federal Constitution limits judicial power to "actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477 (1990) (citations omitted); *see Clapper v. Amnesty Int'l USA,* 568 U.S. 398, 488, (2013). One element of this case-or-controversy requirement" is that a plaintiff must have standing to sue. *Raines v. Byrd,* 521 U.S. 811, 818 (1997); *see Spokeo, Inc. v. Robins,* 578 U.S. __, 136 S.Ct. 1540, 1547 (2016) ("Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy."). Article III standing "is built on separation-of-powers principles" and "serves to prevent the judicial process from being used to usurp the powers of the political branches." *Clapper v. Amnesty International USA,* 568 U.S. 398, 408 (1990). "The standing inquiry asks whether a plaintiff had the requisite stake in the outcome of a case . . . ." *Deal v. Mercer Cty. Bd. of Educ.,* 911 F.3d 183, 187 (4th Cir. 2018) (citing *Friends of the Earth. Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180).

Under Article III, "a party invoking the jurisdiction of a federal court [must] seek relief for a particularized injury," which is a requirement that "serves vital interests going to the role of the judiciary in our system of separated powers." *Hollingsworth v. Perry,* 570 U.S. 693, 696 (2013). "[A] plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin,* 422 U.S. 490, 499 (1975). This serves to "preclude a court from deciding 'questions of broad social import in cases in which no individual rights will be vindicated'" and to ensure that "'access to the federal courts [is] limited to those litigants best suited to assert the claims.'" *Buchanan v. Consolidated Stores Corp.,* 125

4

F.Supp.2d 730, 738 (D. Md. 2001) (quoting *Mackey v. Nationwide Ins. Co.*, 724 F.2d 419, 422 (4th Cir. 1984) ).

> To establish Article III standing a plaintiff must satisfy three elements:
>
> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan*, 504 U.S. at 560: *see also Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 168 (2014); *Sierra Club v. U.S. Dep't of the Interior*, 899 F.3d 260, 284 (4th Cir. 2018).

Plaintiff's broadly stated assertions identify no particularized harm she has suffered as a result of the actions challenged. She fails to allege how she has been injured by the asserted worsening of Nazi and white supremacist ideologies in prison, increased hatred toward the LGBTTQIA community, or current immigration policies and alleged corruption. She provides no facts to support her conclusory assertion that President Trump and his administration are aware that American prison system refuses to provide meaningful gender dysphoria evaluations to incarcerated transgender persons. Moreover, she fails to allege any causal connection between any injury alleged and the challenged conduct. In sum, she lacks standing to assert these claims on behalf of the groups noted and has failed to allege any personal injury to her resulting from the President's policies, actions or rhetoric.

Plaintiff, a prolific filer of pro se litigation in this district,[6] also provides no facts to support her claim that she is a political prisoner or has been subjected to "waterboarding" at NBCI. If she

---

[6] *See e.g. Jones v. Kopp*, Civil Action No. RDB-19-424 (Md. 2019); *Jones v. Booth*, Civil Action No. CCB-17-3135 (D. Md. 2018) *Jones v. Thomas*, Civil Action No. CCB-17-3019 (D. Md. 2017); *Jones v. Bishop*, Civil Action No. CCB-17-1333 (D. Md. 2018); *Jones v. Dolly*, Civil Action No. CCB-17-334 (D. Md. 2017).

5

has been subjected to waterboarding or tortured as alleged, she is undoubtably aware that she may file a separate action against the appropriate correctional officials engaging in such conduct. In the complaint before the Court, she fails to state any of the particularities of this claim such as who did it, when it was done, and why President Trump is responsible for it.

Additionally, this Court must decline any invitation to litigate matters concerning Presidential policy matters. Under the political question doctrine, courts may not "review those controversies which revolve around policy choices and value determinations constitutionally committed for resolution to the halls of Congress or the confines of the Executive Branch." *Japan Whaling Ass'n v. Am. Cetacean Soc'y*, 478 U.S. 221, 230 (1986). The political question doctrine excludes from judicial review those controversies which revolve around policy choices and value determinations constitutionally committed for resolution to the halls of Congress or the confines of the Executive Branch. Article II, § 1, of the Constitution provides that "[t]he executive Power shall be vested in a President of the United States. . . ." This authority establishes the President as the chief constitutional officer of the Executive Branch, entrusted with supervisory and policy responsibilities of enormous discretion and sensitivity. The political question doctrine recognizes the constitutional separation of powers among the branches of the federal government, as well as the inherent limitations on the judiciary." *In re KRB, Inc.*, 736 F.Supp.2d 954, 958 (D.Md.2010) (internal citations omitted). The doctrine excludes from judicial review cases in which courts have "no rightful power and no compass." *Smith v. Reagan*, 844 F.2d 195, 202 (4th Cir.1988). It is designed to restrain the judicial branch from inappropriate interference in the business of the other branches of government. *United States v. Munoz–Flores*, 495 U.S. 385, 394 (1990).

## CONCLUSION

For the reasons noted, the Complaint will be dismissed without requiring service. A separate Order follows.

September *17*, 2019                             /s/ Richard D. Bennett
                                                 RICHARD D. BENNETT
                                                 UNITED STATES DISTRICT JUDGE